IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAULINE D.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civ. No. 3:18-cv-01406-MC <br><br> **OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiff Pauline D. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title II of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The only issue before the Court is whether the Administrative Law Judge ("ALJ") improperly relied on the vocational expert's ("VE") job numbers when she found that Plaintiff could perform work that exists in significant numbers in the national economy. Because the ALJ erred in failing to address a direct and significant conflict in the evidence, the Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on April 22, 2014, and alleged disability since May 10, 1982. Tr. 19, 227.[2] Her claim was denied initially and upon reconsideration. Tr. 19, 164. Plaintiff timely requested a hearing and appeared before an ALJ on March 15, 2017. Tr. 44, 167. The ALJ denied Plaintiff's claim on July 6, 2017. Tr. 35. Plaintiff sought review from the Appeals Council and was denied on June 5, 2018. Tr. 1, 226. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)). Finally, the ALJ need not discuss all evidence presented, but must explain why she rejected significant probative

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

evidence. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

**DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). The Commissioner may satisfy this burden by referring to the Medical-Vocational Guidelines ("Grids") or by obtaining testimony from a VE. *Tackett*, 180 F.3d at 1100–01. If the Commissioner fails to meet its burden, then the claimant is considered disabled. *Id.*

Plaintiff stipulates to the ALJ's findings at steps one through four. Pl.'s Br. 3, ECF No. 15. The only issue before the Court is whether the ALJ's reliance on the VE's job numbers at step five was improper. Plaintiff argues that the ALJ failed to consider evidence submitted by Plaintiff that directly contradicted the VE's testimony. *Id.* at 5–6. Defendant responds that the VE's testimony provided substantial evidence regarding the number of jobs available and Plaintiff's alternate job numbers do not diminish the reliability of the VE's job numbers. *See* Def.'s Br. 3–4, ECF No. 16. The Court finds that the ALJ erred in not addressing a direct and significant conflict in the evidence.

At the administrative hearing, the VE testified that someone with Plaintiff's characteristics and limitations could perform two jobs that existed in the national economy: taper

and wafer breaker.³ Tr. 69–70. The VE claimed that there were 90,100 taper jobs nationally and 64,200 wafer breaker jobs nationally. *Id.* He testified that he obtained these numbers from the electronic database "SkillTRAN." Tr. 72. On cross-examination, Plaintiff questioned whether the VE's numbers were reflective of Standard Occupational Classification ("SOC") codes rather than the specific Dictionary of Occupational Title codes for each individual job. Tr. 71–72. The VE confirmed that his numbers were not based on SOC codes. Tr. 72. The VE further testified that he "just use[d] [the numbers that] SkillTRAN gave" him and relying on these numbers is a "usual and customary practice" for VEs throughout the country. Tr. 72–73.

Two days after the hearing, Plaintiff submitted a letter to the ALJ arguing that the VE over-reported the number of taper and wafer breaker jobs based on their relative SOC codes. Tr. 330–39. Plaintiff relied on the Bureau of Labor Statistics in this letter and requested more time to submit additional evidence on the issue. *Id.* Importantly, only four days later, Plaintiff submitted a second letter to the ALJ with reports allegedly from SkillTRAN, the same database relied on by the VE, showing disparate job numbers for taper and wafer breaker. Tr. 346. The reports from Plaintiff's second letter suggest that only 243 taper jobs and 640 wafer breaker jobs exist nationally. Tr. 349, 351. The ALJ relied on the VE's testimony in finding that Plaintiff is able to perform work that exists in significant numbers in the national economy, thereby denying Plaintiff's claim for benefits. Tr. 34–35. The ALJ acknowledged Plaintiff's first letter in a footnote but did not address the second letter. *See* tr. 34 n.1.

"A VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "[I]n the absence of any

---

³ A taper places tape and adhesive symbols on sheets of mylar consistent with a drawing of a printed circuit board. *See* tr. 348. A wafer breaker breaks semiconductor wafers into individual pieces using equipment and hand tools. *See* tr. 350.

contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). Even so, VE testimony is not irrefutable. *Id.* The ALJ still maintains a "special duty to fully and fairly develop the record." *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1381 (9th Cir. 1984) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). Additionally, the ALJ must resolve any conflict between a VE's testimony and the DOT or the Grids. *Buck*, 869 F.3d at 1051–52. An ALJ's decision may be reversed and remanded where the ALJ failed to address evidence of conflicting job numbers at step five. *See id.* at 1047, 1052. The plaintiff in *Buck* submitted post-hearing evidence of job numbers to the ALJ—allegedly using the same database as the VE—which showed significantly less jobs than the VE's numbers. *Id.* at 1047. In *Buck*, the Ninth Circuit reversed and remanded for further proceedings because "the vast discrepancy between the VE's job numbers and those tendered by [plaintiff], presumably from the same source, is simply too striking to be ignored." *Id.* at 1052.

Here, Plaintiff submitted post-hearing evidence to the ALJ which showed a vast discrepancy in the number of taper and wafer breaker jobs as compared to the VE's job numbers. Like the plaintiff in *Buck*, who obtained job numbers from the same source as the VE, Plaintiff obtained job numbers allegedly using SkillTRAN, the same database that the VE relied on. The ALJ did address Plaintiff's concerns raised in the first letter. Tr. 34 n.1. However, there is no evidence that the ALJ considered Plaintiff's second letter. While Plaintiff's first letter contains information only on wafer breaker jobs and relies on the Bureau of Labor Statistics, Plaintiff's second letter contains data for both jobs allegedly from the same database that the VE relied on. This evidence is materially different than that of Plaintiff's first letter and it directly conflicts with the VE's testimony.

Defendant points to a multitude of cases in which district courts in the Ninth Circuit have rejected arguments like Plaintiff's. *See, e.g.*, *Merryflorian v. Astrue*, No. 12-cv-2493-IEG (DHB), 2013 WL 4783069 (S.D. Cal., Sept. 6, 2013) (plaintiff submitted disparate job numbers to the Appeals Council using two separate sources but failed to question the VE's methodology at the hearing); *Solano v. Colvin*, No. SA CV 12–01047 RZ, 2013 WL 3776333 (C.D. Cal. July 16, 2013) (plaintiff submitted Job Browser Pro data, which the VE did not rely on, to the Appeals Council); *Villareal v. Colvin*, No. EDCV 12–01640–JEM, 2013 WL 3071259 (C.D. Cal. June 18, 2013) (plaintiff submitted Job Browser Pro data to the Appeals Council but failed to question the VE's methodology). These decisions are not binding on the Court and were all decided prior to *Buck*. Further, Plaintiff's case is factually different from these cases. For example, the plaintiffs submitted conflicting job numbers to the Appeals Council, rather than the ALJ, after the ALJ rendered an unfavorable decision. *See Merryflorian*, 2013 WL 4783069, at *5–7; *Solano*, 2013 WL 3776333, at *1; *Villareal*, 2013 WL 3071259, at *4–5. Additionally, the plaintiffs either failed to question the VE's methodology at the hearing or obtained job numbers using a method different than that of the VE. *Id.* Here, Plaintiff questioned the VE's methodology at the hearing, submitted evidence of conflicting job numbers to the ALJ within six days of the hearing, and allegedly used the exact method and database as relied on by the VE.

The Court finds that "the vast discrepancy between the VE's job numbers and those tendered by [Plaintiff], presumably from the same source, is simply too striking to be ignored." *Buck*, 869 F.3d at 1052. To be clear, the Court's holding is narrow; it does not discount the authority of VE testimony, nor does it restrict ALJs from relying on VE testimony. A lawyer simply submitting evidence of conflicting job numbers does not automatically render the VE's testimony unreliable. Rather, the focus is on the ALJ's "duty to [fully] develop the record . . .

when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Plaintiff's evidence of disparate job numbers, allegedly from the same database that the VE relied on, was submitted well before the ALJ issued her decision and it directly conflicts with the VE's testimony. On remand, the ALJ must address this conflict in the evidence.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

DATED this 19th day of November, 2019.

                                             _s/Michael J. McShane_
                                             Michael J. McShane
                                             United States District Judge